UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIELLE JAMES CRAIG,<br><br>    Petitioner,<br><br>    v.<br><br>J. SOTO, Warden,<br><br>    Respondent. | No. CV 16-6231-AGR<br><br>**OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254)** |

For the reasons discussed below, the Court grants Respondent's motion to dismiss the Petition for Writ of Habeas Corpus ("Petition").

**A.** **Procedural History**

In 1993, a Los Angeles County Superior Court jury found Petitioner guilty of first degree murder, attempted robbery and assault with a deadly weapon. He was sentenced to life imprisonment, plus 8 years, without the possibility of parole. (Petition at 2.) On April 21, 1995, the California Court of Appeal struck the sentence on count 3 and the use enhancement, and otherwise affirmed the judgment. (Lodged Document ("LD") 1, Dkt. No. 18.) On June 29, 1995, the California Supreme Court denied the petition for review. (LD 3.)

On September 20, 2013, Petitioner filed a petition for recall and resentencing under Senate Bill No. 9. (LD 4 at 1.) A person (1) who has served at least 15 years of a

sentence of life without possibility of parole, and (2) who was *under* 18 years of age at the time of a commitment offense that is not disqualified, may petition the court for recall of his or her sentences and for resentencing to a term of imprisonment with the possibility of parole. Cal. Penal Code § 1170(d)(2); *see People v. Franklin*, 63 Cal. 4th 261, 281 (2016) (discussing qualifying offender's right to resentencing under SB 9).

On September 11, 2015, the Superior Court construed the petition as a petition for writ of habeas corpus and denied the petition. The court noted that Petitioner admits he was 18 years of age at the time the crime was committed and rejected his equal protection argument. (LD 4 at 4-5.) While his petition remained pending before the Superior Court, Petitioner constructively filed a state habeas petition before the California Court of Appeal on March 23, 2014. (LD 5, Dkt. No. 21.) On May 15, 2014, the California Court of Appeal denied the petition. (LD 6.)

After the Superior Court's denial, Petitioner constructively filed a state habeas petition before the California Court of Appeal on January 31, 2016. (LD 7.) On February 29, 2016, the California Court of Appeal denied the petition both on the merits and as a duplicative petition. (LD 8.)

On April 17, 2016, Petitioner constructively filed a state habeas petition before the California Supreme Court. (LD 9, Dkt. No. 22.) On July 27, 2016, the California Supreme Court summarily denied the petition. (LD 10.)

**B.     Respondent's Motion to Dismiss the Petition**

On August 15, 2016, Petitioner constructively filed a Petition for Writ of Habeas Corpus ("Petition"), in which he raised one ground for relief that he was denied equal protection of the law because Senate Bill No. 9 is limited to persons under the age of 18. (Petition at 5; Dkt. No. 2 at 6[1] (arguing California Supreme Court failed to protect Petitioner's right to equal protection of the laws).) Petitioner contends that SB 9 violates the Equal Protection Clause because an 18 year old is not meaningfully different from a

---

[1] Page citations are to the page numbers assigned by CM/ECF in the header.

juvenile who is close to 18. (*See* LD 2 (brief supporting petition).) Respondent filed an answer and Petitioner filed a reply.

On August 18, 2017, Petitioner received a commutation of sentence from the Governor. (LD 16, Dkt. No. 32-1.) The Governor noted that Petitioner had "dramatically changed his life while in prison." (*Id.* at 1.) "Mr. Craig has distinguished himself by his conduct and dedication to self-improvement during his incarceration. Rather than succumbing to drugs, gangs, and violence, he turned away from those negative influences and has worked hard to educate himself and encourage others to pursue their own rehabilitation. Mr. Craig has earned an opportunity to make his case before the Board of Parole Hearings so that they can determine whether he is ready to be released from prison." (*Id.*) The Governor commuted Petitioner's sentence to "a total of 25 years to life." (*Id.* at 2.)

On August 23, 2017, Respondent filed a motion to dismiss the Petition. On September 8, 2017, Petitioner filed an opposition. The matter was taken under submission.

In determining whether a habeas petition is moot, the "analysis is specifically limited to the sort of equitable relief we may grant in response to a habeas petition." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). A habeas petition is moot when the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Id.* at 1000-01 (citation, quotation marks, and ellipses omitted).

Respondent argues that the commutation of Petitioner's sentence has rendered this action moot because Petitioner has obtained the relief sought in the Petition. In his opposition, Petitioner does not dispute that his case is moot. Indeed, he has received a sentence of 25 years to life with the possibility of parole for a conviction of first degree murder. *See* Cal. Penal Code § 1170(d)(2)(F), (H). Rather, Petitioner argues that some 2,000 other prisoners, who were aged 18 to 22 at the time they were sentenced to life

1 | without the possibility of parole, continue to suffer because they do not qualify for
2 | resentencing under Cal. Penal Code § 1170(d)(2). However, Petitioner lacks standing to
3 | assert any claim on behalf of other adult offenders.

Petitioner seeks relief that has been mooted by the Governor's commutation of sentence. Petitioner has not shown that there is any additional habeas relief available. *See Burnett*, 432 F.3d at 1101; *Fendler v. United States Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988); *see also Crampton v. Thomas*, 401 Fed. Appx. 227, 228 (9th Cir. 2010); *Walker v. Sanders*, 385 Fed. Appx. 747, 747 (9th cir. 2010).

For the foregoing reasons, IT IS HEREBY ORDERED that Respondent's motion to dismiss (Dkt. No. 31) is GRANTED and that judgment be entered denying the petition for writ of habeas corpus.

DATED: September 27, 2017

/s/ Alicia G. Rosenberg

ALICIA G. ROSENBERG
United States Magistrate Judge